UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>EIAD HAMDALA MOUSSA,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:08-175-KKC<br><br><br>MEMORANDUM<br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Eiad Hamdala Moussa's motion for reduction of his sentence pursuant to Retroactive Guideline Amendment 782. (DE 84). The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

Moussa pleaded guilty to Count 2 of the Indictment, aiding and abetting the possession with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (DE 42, Plea Agreement). The Court sentenced Moussa to a term of imprisonment for 120 months. (DE 55, Judgment). The presentence report indicates that Moussa and the United States agree that police officers searched a garage used by Moussa and recovered 1,123 grams of cocaine in a plastic freezer bag inside a vehicle registered to Moussa; 1,547 grams of cocaine in a second plastic freezer bag; 168.7 grams of cocaine base; $148,000 in United States currency; a large set of scales; and packing materials. The substances were converted to a combined marijuana equivalency of 3,908 kilograms.

The distribution of 1000 kilograms or more of marijuana triggers a mandatory minimum term of imprisonment "which may not be less than 10 years." 21 U.S.C.

§ 841(b)(1)(A). Moussa's guideline range for imprisonment was 121 to 151 months, but the statutory mandatory minimum precludes him from receiving a sentence less than 120 months. His 120 month sentence *is* the minimum sentence Moussa could have received due to the statute.

Consequently, Moussa is not entitled to a sentencing reduction pursuant to Amendment 782. A defendant who is subjected to a statutory mandatory-minimum sentence may not benefit from an amendment reducing the Drug Quantity Table offense levels because the statutory mandatory minimum is unchanged and still applies. *See, e.g.*, *United States v. Kelley*, 570 F. App'x 525, 531 (6th Cir. 2014) ("[T]he amendments at issue do not lower [the defendant]'s applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps [the defendant's] otherwise applicable guideline range."); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) ("Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces the Guidelines range."). Amendment 782 did not reduce the statutory mandatory minimum, and Moussa received the minimum sentence pursuant to § 841(b)(1)(A).

Accordingly, the Court **ORDERS** that the defendant's motion for a sentencing reduction (DE 84) is **DENIED**.

Dated July 20, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY