UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>EIAD HAMDALA MOUSSA,<br>    Defendant. | CRIMINAL ACTION NO. 5:08-175-KKC<br><br><br>MEMORANDUM<br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on Defendant Eiad Hamdala Moussa's *pro se* motions for modification or reduction of his sentence. [DE 87; 89.] Defendant asserts various grounds for a modification or reduction, all of which are meritless. Therefore, the Court will deny Defendant's motions.

First, Defendant once again argues that he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 782. [DE 87; 89 at 5-9.] As the Court explained in its previous order, Defendant is not eligible for a sentence reduction under § 3582(c)(2) and Amendment 782 because he received the statutory mandatory minimum sentence of 120 months. *See* [DE 86.]; *United States v. Kelley*, 570 F. App'x 525, 531 (6th Cir. 2014) ("[T]he amendments at issue do not lower [the defendant]'s applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps [the defendant's] otherwise applicable guideline range."). Defendant appears to recognize as much when he states that "§ 3582(c)(2) is not applicable due to Defendant's mandatory minimum," yet he nevertheless moved for a reduction under that statute. Defendant also urges the Court to "take into consideration that the mandatory

minimum's [sic] are under revision, which will be revised where such minimum's [sic] will be lowered. . . ." [DE 87 at 2; 89 at 6.] The possibility that the applicable mandatory minimum might be revised at some point in the future has no effect on Defendant's sentence and in no way empowers the Court to reduce his sentence. Thus, Defendant is not eligible for a sentence reduction under § 3582(c)(2).

Second, Defendant asks the Court to take into consideration the fact that Defendant provided assistance in a government investigation when deciding whether to reduce his sentence. [DE 89 at 7.] The Defendant previously made this claim, and the Court has already rejected it. *See* [DE 57; 61; 62.] The Government has not submitted a substantial assistance motion pursuant to Federal Rule of Criminal Procedure 35, so the Court cannot reduce Defendant's sentence for rendering assistance to the government. Fed. R. Crim. P. 35(b)(2).

Third, Defendant argues that he should receive a downward departure from the sentencing guidelines based on the fact that he is an alien and that he is subject to deportation. [DE 89 at 10-17; 89 at 20-21.] However, as stated above, Defendant was given the mandatory minimum sentence of 120 months. [DE 55, Judgment.] The applicable mandatory minimum precluded Defendant from receiving a sentence less than 120 months. 21 U.S.C. § 841(b)(1)(A); *see also* [DE 86.] Therefore, Defendant's proposed departures from the guidelines would have no effect on his mandatory minimum sentence. 120 months is the minimum sentence that Defendant could have received in this case, so any departure from the guidelines is irrelevant.

Finally, Defendant argues that he is being deprived of rights on account of being an alien in violation of 18 U.S.C. § 242. [DE 17-20.] Specifically, he asserts that because he is an alien he is not able to participate in certain programs within the prison and alleges that

he is categorically deprived of the opportunity to serve a portion of his sentence in a halfway home. [DE 89 at 17 – 21.]

It appears that Defendant's § 242 argument is also directed towards the sentencing guidelines. Defendant states that he is alleging a "[v]iolation of rights under 18 U.S.C. § 242 *in the United States Sentencing Guidelines.*" [DE 89 at 1.] (emphasis added). Once again, the sentencing guidelines have no bearing on Defendant's sentence because he was sentenced to a statutory mandatory minimum.

Furthermore, Defendant's reliance on § 242 as a means for obtaining a sentence modification or reduction is misplaced. 18 U.S.C. § 242 is a criminal statute that prohibits the deprivation of rights under color of law on account of alienage, color, or race. It does not provide a mechanism for the modification or reduction of a prisoner's sentence. Therefore, the Court cannot modify or reduce his sentence under § 242.

To the extent that Defendant intended to assert a separate claim based on an alleged violation of § 242, such a claim would likewise fail because it is well established that there is no private right of action under § 242. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).

For the reasons stated above, Defendant is not entitled to a sentence modification or reduction. Accordingly, the Court **ORDERS** that Defendant's motions for modification or reduction of his sentence [DE 87; 89] are **DENIED.**

Dated June 1, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY